IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| **BENJAMIN L. MOORE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **4:05-cv-2291-UWC** |
| | ) | |
| **MATRIXX INITIATIVES, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION ON DEFENDANTS'
### MOTIONS FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment. (Doc. 16.) The Court has yet to receive a response from Plaintiff regarding this motion even though the deadline for such a response has passed.[1]  Additionally the deadline for Plaintiff to produce any expert testimony passed as of February 10, 2006 according to the Court's scheduling order.[2]  (Doc. 3.)

Defendants seek summary judgment on Plaintiff's claims because he has

---

[1] On March 6, 2006, The Court gave the Plaintiff fifteen (15) days to respond to Defendants' Motion as set out in the summary judgment scheduling order. (Doc. 61.)  Thus, Plaintiff's response was due on March 21, 2006.

[2] See Doc. 3 where this case adopted the deadlines set forth in *William v. Matrixx* 4-3548. In *Williams* the deadline for providing expert evidence was February 10, 2006. (*Williams* Doc. 54.)

failed to offer any evidence that the product he used was the proximate cause of his injuries. Specifically, Plaintiff has failed to proffer any expert testimony on the issues of product defect and causation. Accordingly, the Court finds that Plaintiff cannot make out a prima facie case on any of her claims. *See McClain v. Metabolife Int', Inc.*, 401 F.3d 1233 (11th Cir. 2005); *Sears, Roebuck & Co. V. Haven Hills Farm, Inc.*, 395 So.2d 991, 995 (Ala. 1981).

Based on these undisputed facts, Defendants are entitled to judgment as a matter of law on all claims.

A separate order will issue, consistent with the conclusions embodied in this Memorandum Opinion.

Done the 30th day of March, 2006.

_____
U.W. Clemon
Chief United States District Judge